## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**WILLIAM CAIN, JR.,**

     **Plaintiff,**

**vs.**                         **CASE NO. 4:19-cv-00527-MCR-MAF**

**ALEXIS FIGUEROA, M.D.,**
**et al.**

     **Defendants.**

_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, a prisoner proceeding *pro se*, initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis* (IFP). ECF Nos. 1, 10.  This Cause comes before the Court upon screening of Plaintiff's "Third Amended" Complaint, ECF No. 29. For the reasons stated below, the case against Defendants Inch, Anandjiwal, and Behazadi should be dismissed and the remainder of the case against Defendant Figueroa should be transferred to the Middle District of Florida.[1] A discussion of the procedural history of this case is warranted.

_____

[1] Because Plaintiff named only Defendant Inch and the Florida Department of Corrections (FDC) and presented only legal conclusions in his earlier complaints, it was not readily discernable that venue was proper in another district court.

## I.    Relevant Procedural History

It has taken more than one year for Plaintiff to file a legally sufficient complaint in this case; thus, no defendants have been served. Plaintiff filed his initial complaint on October 21, 2019, and named only Defendant Inch, in his individual capacity. ECF No. 1. The Court reviewed the complaint and found it deficient because Plaintiff failed to provide any factual allegations to support his claims that Inch was deliberately indifferent to a serious medical need and ordered him to amend. ECF No. 9. After being granted multiple extensions[2] of time, Plaintiff filed an unsworn, first amended complaint on June 19, 2020, naming only the FDC, in its official capacity. ECF No. 19. The Court reviewed the complaint and found it deficient because it presented legal conclusions rather than stating facts attributable to the FDC, it did not comply with the Federal Rules of Civil Procedure 8 and 10, and it raised claims against a defendant protected by Eleventh Amendment immunity. ECF No. 20. The Court ordered Plaintiff to amend again.  Id.

After receiving additional extensions of time to amend, Plaintiff filed an unsworn, second amended complaint on October 6, 2020, against Defendant Inch, in his official capacity, and Defendants Figueroa and Anandjiwal, in their individual capacities. ECF No. 25. The Court found the

---

[2] ECF Nos. 15, 17.

complaint insufficient for the same reasons previously stated and ordered Plaintiff to amend again. ECF No. 26. Then, Plaintiff filed an "amended second complaint" against Defendants Figueroa, Anandijwal, and Behazadi, in their individual capacities, and Defendant Inch, in his official capacity. ECF No. 27. Finding the complaint insufficient again, the Court ordered Plaintiff to amend one final time because there were no factual allegations against certain defendants, the complaint was largely an impermissible shotgun pleading, it did not properly present a claim of deliberate indifference to a serious medical need, and certain claims appeared to be barred by the statute of limitations. ECF No. 28. Plaintiff filed the operative "Third Amended" complaint, which is unsworn. ECF No. 29.

## II.    Plaintiff's "Third Amended" Complaint, ECF No. 29.

Plaintiff's operative complaint is no model of clarity. As best can be determined, Plaintiff's allegations surround the care he received regarding a surgery and post-operative care. Plaintiff names the following defendants:

1. Dr. Alexis Figueroa, from Suwannee Correctional Institution, in his individual capacity;

2. Dr. N. Ananadjiwal, Reception and Medical Center – Lake Butler ("Lake Butler"), in his individual capacity;

3. Dr. Behazadi, Jacksonville Memorial Hospital; and

4. Mark Inch, Secretary, Florida Department of Corrections (FDC), in his official capacity.

ECF No. 29, pp. 2-4.

Plaintiff raises legal conclusions rather than factual allegations against Defendant Inch. Id., pp. 8-14. Plaintiff claims the FDC knew Plaintiff had a medical condition since 2011; he does not state what that medical condition is. Id., p. 9. He claims that "the FDC is ultimately responsible for their contractors," that they failed to provide adequate care, medical supplies, and other treatment. Id. Plaintiff fails to state what type of medical supplies or treatment was warranted and how FDC denied him medical care or otherwise delayed treatment in violation of the Eighth Amendment. Id., p. 10.

Plaintiff's alleges that, on January 7, 2017, Defendant Behazadi performed emergency surgery on him for an intestinal blockage. Id., p. 11. Plaintiff maintains that three months later the site became infected and necessitated another surgery later that year, which makes Defendant Behazadi "more than mere[ly] negligent." Id.

Plaintiff also alleges that, after he had a third surgery, he returned to Suwannee Correctional Institution and Defendant Figueroa was his medical provider. Id., p. 12. According to Plaintiff, he asked Figueroa to remove his stitches after the surgical site healed but Figueroa refused to do so. Id. As a result, Plaintiff has unnecessary scar tissue, the stitches are now embedded in his abdomen, which caused trauma, pain, and injury. Id. Plaintiff also

complained to Figueroa that his catheter in his abdomen was leaking urine on the outside but Figueroa ignored him and failed to offer Plaintiff a proper treatment regimen. Id., pp. 12-13.

Finally, Plaintiff claims that Suwannee officials recognized the significance of his claims about his medical condition and transferred him to Lake Butler for care. Id., p. 13. Plaintiff claims he was assigned to a medical provider, who is unnamed. Id. According to Plaintiff, the provider contacted Defendant Anandjiwal and explained authorization was necessary to have Plaintiff seek an outside specialist to remove the embedded stitches and correct the catheter and to give Plaintiff medical supplies. Id. Plaintiff claims that Anandjiwal denied the requests of the medical provider. Id. p. 14.

As relief, Plaintiff seeks damages in excess of $75,000, costs, attorney's fees, and proper medical care. Id., pp. 15-16.

## III.   Standard of Review – Applicable Law for Screening

Because Plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. § 1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. § 1915A; see also Thompson v. Hicks, 213 F. App'x 939, 942 (11th Cir. 2007) (per curiam). Under both 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, a complaint must be dismissed if the court

determines that the complaint fails to state a claim upon which relief can be granted. See Wright v. Miranda, 740 F. App'x 692, 694 (11th Cir. 2018). In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. See Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B)(ii). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the court may dismiss a complaint that fails "[t]o state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). "To "[a]void dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." Wright, 470 F. App'x at 694 (citing Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam)).

Complaints filed by *pro se* prisoners are held to "[l]ess stringent standards than formal pleadings drafted by lawyers[.]" Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). However, although a *pro se* pleading is liberally construed, it still must "[s]uggest that there is some factual support for a claim." Id. "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

## IV. Deliberate Indifference to a Serious Medical Need and Medical Negligence

Delayed or denied access to medical care for inmates resulting in physical or mental injury constitutes a violation of constitutional rights. Estelle v. Gamble, 429 U.S. 97, 103-05 (1976). To sufficiently state a claim, a plaintiff must allege facts that plausibly show: (1) the plaintiff had a serious medical need; (2) the defendant was deliberately indifferent to that need; and (3) there is a causal connection between that indifference and the plaintiff's injury. Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306-07 (11th Cir. 2009). The medical need must be "one that, if left unattended, pos[es] a substantial risk of serious harm." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (citations and internal quotation marks omitted). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F. 3d 1248, 1254 (11th Cir. 1999).

A deliberate-indifference claim contains both an objective and a subjective component. Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004). First, the need must be "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person

would easily recognize the necessity for a doctor's attention," which "if left unattended, poses a substantial risk of serious harm." Id. Second, the defendant must have (1) subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3) by conduct that is more than mere negligence. Id. (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999)). Deliberate indifference is the reckless disregard of a substantial risk of serious harm. Farmer, 511 U.S. at 835-36.

Where the inmate has received medical attention and the dispute is over the propriety of that course of treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments made. Harris v. Thigpen, 941 F.2d 1495, 1507 (11th Cir. 1991). As articulated in Estelle, "whether . . . additional diagnostic techniques or forms of treatment - is indicated is a classic example of a matter for medical judgment" and "[a] medical decision not to order" additional testing, "does not represent cruel and unusual punishment." 429 U.S. at 107.

Plaintiff presents no set of facts against Defendant Inch; and his allegations amount to no more than "mere conclusory statements" which are insufficient to state a claim. Iqbal, 556 U.S. at 678. Accordingly, any claim against Defendant Inch should be DISMISSED for failure to state a claim.

Similarly, Plaintiff's facts as presented against Defendant Behazadi for simply performing the initial surgery, without more, do not rise to the level of deliberate indifference to a serious medical need. There is no allegation that Defendant Behazadi failed to provide appropriate follow-up care. A three-month gap between the time of the surgery to the time of the infection is too greatly attenuated to support claims of causation. More importantly, because Plaintiff presents no set of facts against Behazadi to satisfy the objective and subjective components of deliberate indifference, any claims against Defendant Behazadi should be DISMISSED for failure to state a claim.

As to Plaintiff's claims against Defendant Anandjiwal, they are also without factual support. Plaintiff merely claims that an unnamed medical provider reached out to Anandjiwal and sought approval for certain treatment and supplies for Plaintiff, which Anandjiwal denied. This without more cannot satisfy a claim of deliberate indifference to a serious medical need. Plaintiff has amended his complaint at least four times over the past year to no avail on certain claims, despite the Court's repeated directives and extensions of time. Accordingly, Plaintiff's claims against Anandjiwal should be DISMISSED for failure to state a claim.

Finally, Plaintiff's claims against Defendant Figueroa apparently occurred after his third surgery (the first being in January 2017), though he

provides no dates. Plaintiff claims that Figueroa rejected his request to have his stiches removed which resulted in scarring, the stitches being embedded in his abdomen, and continued pain and injury. Plaintiff also claims that Figueroa has ignored his complaints about his leaking catheter. To this extent, Plaintiff has properly stated a claim, which survives initial screening. Accordingly, Plaintiff's claim against Figueroa should PROCEED.

## V.    Transfer of Venue for Claims against Dr. Figueroa

Although Plaintiff's claim against Figueroa should proceed, transfer is appropriate. Transfer, rather than dismissal, is preferred in order to advance "an expeditious and orderly adjudication of cases and controversies." Id. See generally Brunette Mach. Works, Ltd. v. Kockum Indus., Inc., 406 U.S. 706, 710 (1972) (observing generally that "venue provisions are designed, not to keep suits out of the federal courts, but merely to allocate suits to the most appropriate or convenient federal forum"). In Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465-67 (1962), the Supreme Court of the United States explained that Congress enacted § 1406(a) to "avoid[ ] the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." Id. at 466.

Here, transfer to the Middle District of Florida is appropriate because Duval, Suwannee, and Union Counties are located in the Middle District of Florida. See 28 U.S.C. § 89(b). First, Plaintiff is housed at Lake Butler, located in Union County. Second, Plaintiff's doctors are within the Middle District of Florida. Dr. Anandjiwal is a physician at Lake Butler. Dr. Behazadi is a physician at Jacksonville Memorial Hospital, located in Duval County, Florida. Dr. Figueroa is employed as a physician at Suwannee Correctional Institution, located in Live Oak in Suwannee County, Florida. Finally, all of the events arise out of the Middle District of Florida. Even if the only claim proceeding is against Figueroa, Plaintiff's relevant medical treatment records in the instant lawsuit are presumably situated in that judicial district and appear to be related to his current condition and care under Figueroa.

## VI. Official Capacity and Respondeat Superior Claims against Defendant Inch

Florida's sovereign immunity extends to its agencies, subdivisions, or officers. See Alabama v. Pugh, 438 U.S. 781, 782 (1978); Fitzgerald v. McDaniel, 833 F.2d 1516 (11th Cir. 1987). That "bar exists whether the relief sought is legal or equitable." Papasan v. Allain, 478 U.S. 265, 276 (1986). Naming a government official in his official capacity is the equivalent of naming the governmental entity itself. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). A state official, however, may be sued in his official capacity

when the suit alleges a constitutional violation by the official, acting in his official capacity and seeks only prospective injunctive relief. See Grizzle v. Kemp, 634 F.3d 1314, 1319 (11th Cir. 2011).

The State of Florida is immune from monetary damages based upon the Eleventh Amendment. Gamble v. Fla. Dept. of Health and Rehabilitative Services, 779 F.2d 1509, 1512-13 (11th Cir. 1986). This is so because the Eleventh Amendment of the U.S. Constitution bars suit against a state in federal court absent valid congressional override, waiver of immunity, or consent to suit. See Wusiya v. City of Miami Beach, 614 F. App'x 389, 393 (11th Cir. 2015). Section 1983 does not abrogate state sovereign immunity for damage suits; and Florida has not waived its immunity from § 1983 suits. See id. A state and an agency of a state (i.e. the Florida Department of Corrections) are thus immune from liability under § 1983. See Williams v. Robbins, 153 F. App'x 574, 576 (11th Cir. 2005). Of course, suits for nominal damages against state officers in their official capacities are included in this Eleventh Amendment bar. See Simmons v. Conger, 86 F.3d 1080, 1086 (11th Cir. 1996) (finding district court erred in awarding nominal damages against a judge sued in his official capacity because the relief was barred by Eleventh Amendment).

Because Defendant Inch is the Secretary of the FDC and because Plaintiff does not provide any facts against him that amount to a constitutional violation, Defendant Inch is immune from suit under the Eleventh Amendment. Accordingly, the claims against Defendant Inch in his official capacity fail as a matter of law.

To the extent Plaintiff's claims might be construed as being raised against the FDC, "liability under § 1983 may not be based on the doctrine of respondeat superior." Craig v. Floyd County, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting Grech v. Clayton Cty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003); see Denno v. Sch. Bd. of Volusia Cty., 218 F.3d 1267, 1276 (11th Cir. 2000), cert. den'd, 531 U.S. 958 (2000). Instead, a government entity may be liable "only where the [government entity] itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted). Plaintiff must establish that an official policy or custom was the "moving force" behind the alleged constitutional deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978). The custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." Craig, 643 F.3d at 1310 (citation omitted). Because Plaintiff's allegations present

no such facts to support these claims, the official capacity and respondeat

superior claims should be DISMISSED.

## VII.   Conclusion and Recommendation

It is respectfully RECOMMEDED that:

1. The claims against Defendant Figueroa for deliberate
   indifference to a serious medical need PROCEED and be
   TRANSFERRED to the Middle District of Florida,
   Jacksonville Division, which is the proper venue.

2. The official capacity and respondeat superior claims
   against Defendant Inch be DISMISSED.

3. The Eighth Amendment claims against Defendant
   Behazadi be DISMISSED.

4. The Eighth Amendment claims against Defendant
   Anandjiwal be DISMISSED.

IN CHAMBERS at Tallahassee, Florida on December 4, 2020.

**s/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report
and Recommendation, a party may serve and file specific written objections
to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).
A copy of the objections shall be served upon all other parties. A party may
respond to another party's objections within fourteen (14) days after being
served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline
that may appear on the electronic docket is for the Court's internal use only
and does not control. If a party fails to object to the Magistrate Judge's
findings or recommendations as to any particular claim or issue contained in
this Report and Recommendation, that party waives the right to challenge on

appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).